## Boynton and a. *vs.* Blodgett.

Where a creditor had caused his debtor to be committed on mesne process, who afterwards gave a bail bond, in due form, and was permitted to go at large; and after judgment the deputy who committed him called for him at the gaol, with the execution, and returned that he was not there, and not found —*held*, in an action on the case, setting forth these facts, that the sheriff was not precluded by the returns from showing the execution of the bail bond, and that the action could not be sustained.

CASE, alleging that the plaintiffs, on the 3d day of March, 1836, sued out a writ of attachment against one James Rider, returnable on the first Tuesday of May, 1836, and delivered it to one Daniel Batchelder, one of the deputies of

the defendant for service—that Batchelder, on the 4th day of March, took the body of the said Rider, and committed him to the gaol of which the defendant was keeper, and made due return of said arrest and commitment—that said action was entered, and judgment recovered in favor of said plaintiffs, &c.—that the plaintiffs within thirty days delivered the execution to said Batchelder, to be levied, &c. Yet the defendant suffered said Rider to escape ; and Batchelder did not arrest him on said execution, but returned on said execution that he had called on the goaler for Rider, and he was not at the goal, and had made diligent search, &c. and returned the execution in no part satisfied. By reason of all which, and of the defendant's misconduct and laches, the plaintiffs have utterly lost their debt, and have been put to great charges and expense.

Upon the trial, it appeared in evidence that Rider was arrested on mesne process, and committed, as set forth in the plaintiff's declaration—that on the 26th of March, 1836, he gave a bail bond, in due form, and was released from imprisonment ; and that at May term, 1836, the plaintiffs recovered judgment, and delivered their execution to the deputy, who made return that on the 17th of May he called on the gaoler for said Rider, and he was not at the gaol ; and having made diligent search, he could not find any property, nor the body of Rider, wherefore he returned the execution in no part satisfied.

On the foregoing facts it was contended, that the defendant was not liable, and that there was no default or laches on his part. But the plaintiffs contended that the fact of a bail bond having been received, should have been set out in the officer's return, and that whether so set out or not, the defendant, on the facts in this case, was liable for default and escape.

A verdict was taken for the defendant, by consent, subject to be set aside and judgment entered for the plaintiff, if

this court should be of opinion that the action was well maintained on the foregoing case.

*Bell*, for the plaintiffs.

*Bartlett*, and *Sloan*, for the defendant.

PARKER, C. J.*   It appears from the case, that Rider, who was committed to gaol upon the plaintiff's writ, was afterwards liberated, in due course of law, upon giving a bail bond, without in fact committing an escape; and this action, therefore, cannot be sustained unless the defendant is to be precluded from showing these facts.   But we are not aware of any principle upon which the evidence can be excluded.

The argument is, in effect, that the defendant is estopped, because it appears of record from the returns of his deputies, that Rider was arrested, and committed to the gaol, for want of bail—that the deputy, afterwards, having an execution within thirty days from the rendition of judgment, enquired for him at the gaol, and that he was not there, and was not to be found.

This appears from the returns; but all this is not inconsistent with the fact that Rider had been released from gaol, in due course of law, upon giving a bail bond; and is not, therefore, contradicted by such evidence, and by showing that he did not in fact escape.

Had no bond been given, it would have been the duty of the gaoler to have detained him until the expiration of thirty days from the rendition of the judgment; but upon the execution of the bond he was no longer justified in keeping him in prison.

But it has been urged that if Rider was out on a bail bond it was the duty of the defendant to give notice of that fact to his deputy, in order that he might give notice to the bail.

---

* WILCOX, J., having been of counsel, did not sit.

There are several answers to this. The statute regulating bail provides that the creditor, intending to charge the bail, shall deliver his execution to the officer, with the name and place of residence of the bail. If, then, the defendant had notified the officer that Rider had been admitted to bail, as the creditor had not delivered to him the name and place of residence of the bail, it would at least be questionable whether any duty would have been imposed upon the officer to give notice, or make any attempt to charge the bail.

Another answer is, that it does not appear from the case that such information was not given to the deputy who had the execution, nor does there seem to be any ground on which to infer it. The return of the officer is, that he called at the gaol, and he was not there, and that he could not find him ; but he does not return, nor is there any evidence that he did not receive information, that he was bailed ; nor is there any allegation in the declaration that such information was not communicated.

Another answer is, that if in fact information was not given upon due enquiry, and if for this neglect on the part of the gaoler an action might be sustained for the recovery of damages, this would not constitute an escape, nor sustain the present suit, in which no grievance of that description is alleged.

*Judgment for the defendant.*